## MARTIN MARIETTA CORPORATION

v.

## The UNITED STATES.

No. 325–76.

United States Court of Claims.

March 22, 1978.

Everett L. Jassy, New York City, attorney of record, for plaintiff; John B. Burguieres, Jr., and Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel.

George L. Squires, Washington, D. C., with whom was Asst. Atty. Gen., M. Carr Ferguson, Washington, D. C., for defendant; Robert S. Watkins, Washington, D. C., of counsel.

Before DAVIS, KASHIWA and KUNZIG, Judges.

ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR JUDGMENT ON THE PLEADINGS

KASHIWA, Judge:

This is a suit for additional statutory interest in the amount of $59,249 on an overpayment of corporate income tax for calendar year 1968. The sole issue is whether the Internal Revenue Service correctly computed the statutory interest on an overpayment of tax for calendar year 1968.

The case is before this court on plaintiff's motion for judgment on the pleadings or for summary judgment and defendant's cross motion for judgment on the pleadings. The case was submitted without oral argument. After careful consideration of the briefs, we grant defendant's cross motion for judgment on the pleadings.

Plaintiff files its federal income tax returns on a calendar year basis. Prior to March 17, 1969, the due date for filing plaintiff's 1968 return, plaintiff had made payments of estimated taxes in the amount of $17,600,000 in respect of its 1968 income tax liability. On March 17, 1969, plaintiff timely filed with the District Director of Internal Revenue, Manhattan District, a Form 7004 ("Application for Automatic Extension of Time to File U. S. Corporation Income Tax Return"), which extended the period of time for filing its 1968 return until June 16, 1969. Upon the filing of such Form 7004, plaintiff reported tentative additional taxes for 1968 in two installments. Plaintiff made the first installment payment in respect of such additional taxes on March 17, 1969, in the amount of $6,200,000.

On June 16, 1969, plaintiff made the final installment payment in the amount of $6,100,000 in respect of its tentative additional taxes for 1968; and plaintiff received from the District Director, Manhattan District, a further extension of time until September 15, 1969, in which to file its 1968 return. As of June 16, 1969, plaintiff had timely paid $29,955,162 (through estimated tax payments of $17,600,000, installment payments of $12,300,000, and a "nonhighway gas and lube oil" credit of $55,162) in respect of its 1968 taxes.

On September 15, 1969, plaintiff filed its U. S. Corporation Income Tax Return, Form 1120, for the year 1968, showing a total tax liability for that year of $25,961,-463 and an overpayment of taxes in the amount of $3,993,699 (the difference between the $29,955,162 previously paid in estimated taxes, installment payments, and credits and the $25,961,463 total tax liability shown on plaintiff's return). Plaintiff elected on the return to have such overpayment credited against its estimated taxes for 1969, and, accordingly, plaintiff reduced the amount of its 1969 estimated tax payment, due on September 15, 1969, by $3,993,699.

As a result of a subsequent audit by the Internal Revenue Service, it was determined that plaintiff's actual total tax liability for 1968 was $19,190,375.97 and that plaintiff had overpaid its 1968 taxes by an additional $6,771,087.03 (the difference between the $25,961,463 total tax liability shown on plaintiff's 1968 return and the $19,190,375.97 total tax liability determined on audit).

On March 12, 1974, the Internal Revenue Service paid to plaintiff a refund of 1968 taxes in the amount of $6,512,223.31. The

amount of such refund was computed by subtracting from the $6,771,087.03 additional overpayment the amount of $258,863.72 to cover a deficiency determined to be owed by plaintiff in respect of its federal income taxes for 1967. The Internal Revenue Service determined that the total amount of interest due to plaintiff on the $6,512,223.31 net overpayment of 1968 taxes equaled $1,859,070.56 and that plaintiff owed an interest charge of $15,574.38 with respect to the 1967 deficiency of $258,863.72. Thus, the total payment made to plaintiff by the Internal Revenue Service on March 12, 1974, equaled $8,355,719.49 ($6,512,223.31 of net tax overpayment plus $1,859,070.56 of interest less $15,574.38 of 1967 interest charge).

In computing the amount of interest due to plaintiff, the Internal Revenue Service treated the overpayment reported on plaintiff's 1968 return ($3,993,699), which had been credited against plaintiff's 1969 estimated taxes on the 1968 return, as being attributable to plaintiff's March 1969 installment payment of 1968 income taxes. The effect of this was to reduce the amount of overpayment made by plaintiff in March by $3,993,699 and the amount of statutory interest due plaintiff on the March 17, 1969, overpayment. Correspondingly, the June 16, 1969, installment overpayment was increased by $3,993,699 and the interest due plaintiff on the June 1969 overpayment was increased.[1]

Plaintiff contends this was improper. Plaintiff maintains the overpayment shown on the completed 1968 return was due to the June 1969 installment payment of taxes under Treas.Reg. § 301.6611–1(b) (1957), because the income tax liability as shown on the 1968 return was first satisfied by the June installment. Further, it was on the basis of the facts shown on the 1968 return as filed by plaintiff that plaintiff made the irrevocable election to credit the $3,993,699

to its 1969 estimated tax liabilities. Since that election is irrevocably binding upon both the plaintiff and the Internal Revenue Service, the Internal Revenue Service cannot later change the facts upon which the election was made (the date of overpayment based upon a subsequent audit which shows a larger overpayment) in computing statutory interest on a subsequently discovered larger overpayment. In the petition plaintiff also seeks to recover statutory interest on the additional statutory interest it contends it is owed.

Internal Revenue Code[2] § 6611(a) allows taxpayers statutory interest upon any overpayment of Internal Revenue tax. I.R.C. § 6403 states that installments paid in excess of the correct amount of taxes due are overpayments. Treas.Reg. § 301.6611–1(b) (1957) defines the point in time when an overpayment occurs:

> * * * there can be no overpayment of tax until the entire tax liability has been satisfied. Therefore, the dates of overpayment of any tax are the date of payment of the first amount which (when added to previous payments) is in excess of the tax liability (including any interest, addition to tax, or additional amount) and the dates of payment of all amounts subsequently paid with respect to such liability. * * *

I.R.C. § 6402(b) in conjunction with Treas.Reg. § 301.6402–3(b)(5) (1954) allows a taxpayer, like plaintiff, to credit part or all of any overpayment to the taxpayer's estimated tax liability for the succeeding taxable year. If a taxpayer makes such an election to credit part or all of an overpayment to a succeeding year's estimated tax liability, no statutory interest under I.R.C. § 6611(a) is allowable on the amount of the overpayment so credited. Treas.Reg. § 301.6402–3(b)(5) (1954). In Owens-Corn-

---

1. The additional statutory interest plaintiff contends it is entitled to is the amount of interest which would accrue on $3,993,699 at the statutory rate from March 17, 1969, to June 16, 1969.

2. Hereinafter all Internal Revenue Code sections will be cited I.R.C. and will be to the 1954 code as amended, unless otherwise stated.

*ing Fiberglass Corp. v. United States*, 462 F.2d 1139, 199 Ct.Cl. 61, (1972), this court upheld the validity of Treas.Reg. § 301.-6402–3(b)(5) (1954). If a taxpayer, such as plaintiff, elects to credit an overpayment to its succeeding taxable year's estimated tax liability, that election is irrevocable and binding upon both the taxpayer and the Internal Revenue Service. *Starr v. Commissioner*, 267 F.2d 148, 151 (7th Cir. 1959); Rev.Rul. 55–448, 1955–2 C.B. 595.

This is a case of first impression for we find none of the general overpayment, crediting, or statutory interest provisions cited controlling. Plaintiff strenuously contends that the irrevocable, binding nature of the election to credit the overpayment shown on its 1968 return should control in determining which installment payment (March 1969 or June 1969) is to be applied to its 1969 estimated tax liability.

We do not agree. Although the election to credit an overpayment to a succeeding year's estimated tax liability is irrevocable and binding on both the taxpayer and the Internal Revenue Service, that does not, in our opinion, mean that all the facts reflected upon a return, in which the election is made, are binding.[3] Nor are we prepared to hold that the Internal Revenue Service is bound to look at the overpayment reflected on a return, which upon audit is shown to be wrong, to determine which installment overpayment of the taxpayer's was credited to a succeeding year's estimated tax liability when computing the statuto-

ry interest on the overpayment. We believe the Internal Revenue Service, following the principles established in Treas.Reg. § 301.6611–1(b) (1957), quite properly determined the overpayment in this case upon the facts as actually found upon audit. It then subtracted the amount ($3,993,699) plaintiff had credited to its 1969 estimated tax liability from the first installment which was an overpayment, for the credited amount was no longer an overpayment of 1968 income taxes. See I.R.C. § 6513(d); Treas.Reg. § 301.6402–3(b)(5) (1954); Rev. Rul. 55–448, 1955–1 C.B. 595. The Internal Revenue Service offset, pursuant to I.R.C. § 6402(a), $258,863.72 of the remaining overpayment against plaintiff's 1967 income tax deficiency[4] and refunded the balance plus interest.

Since we have rejected the sole ground upon which plaintiff relies in contending there was a $3,993,699 larger overpayment in March 1969 and a correspondingly smaller overpayment in June 1969, plaintiff has not met its burden of proof in this court. *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). Therefore, we hold that plaintiff is not entitled to recover the additional $59,249 of statutory interest. Since we find that plaintiff is not entitled to recover any additional statutory interest, we are not required to rule upon plaintiff's request for statutory interest upon the statutory interest wrongfully withheld.

Accordingly, we grant defendant's motion for judgment on the pleadings. We deny plaintiff's motion for judgment on the

---

3. The information shown on a tax return, which was put there in good faith, is generally not binding upon the taxpayer or the Internal Revenue Service. If the information is subsequently found to be in error within the period of limitations, either party can seek correction by either filing a refund claim or issuing a deficiency notice. A return generally becomes binding within the period of limitations only if a court has ruled upon it and its ruling has become res judicata, a closing agreement is executed pursuant to I.R.C. § 7121, or a compromise agreement is entered in pursuant to I.R.C. § 7122.

4. This $258,863.72 offset was treated as part of the June installment payment by the Internal Revenue Service even though it should have been treated as part of the first installment resulting in an overpayment, which was the March installment. Treas.Reg. § 301.6402–3(b)(6) (1972). As a result of this erroneous treatment of the $258,863.72 offset as part of the June installment, taxpayer was charged interest on its prior year's (1967) tax deficiency for an additional three months (from March 17, 1969, to June 16, 1969). This error is harmless, however, for it is counterbalanced by the refund to the taxpayer of an additional three months' interest on a corresponding amount of the March 1969 overpayment.

pleadings or for summary judgment and order the petition dismissed.

