**Michael P. GEORGES,**
**Plaintiff–Appellant,**

v.

**U.S. INTERNAL REVENUE SERVICE,**
**Defendant–Appellee.**

No. 89–6295
Non-argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 7, 1990.

Michael P. Georges, Lake Park, Fla., pro se.

Allan I. Losek, Ft. Lauderdale, Fla., for plaintiff-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Gary R. Allen, Kenneth W. Rosenberg, Kimberly S. Stanley, Jonathan S. Cohen, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before ANDERSON, CLARK and COX, Circuit Judges.

PER CURIAM:

This case presents the question of whether a taxpayer may elect to credit an overpayment of taxes to the estimated tax for the subsequent year but later, after the time for filing has expired, file an amended return and claim a refund of the overpayment.

On June 19, 1986, Michael P. Georges filed tax returns for the tax years of 1977 through 1985. In each return for those years, Georges elected to credit all overpayments of tax to the succeeding year. Thus, on his 1985 tax return, he claimed a $13,282 overpayment which he elected to credit to his 1986 estimated tax. On August 1, 1989, Georges filed an amended return for 1985, seeking to revoke his prior election and obtain a direct tax refund in lieu of the credit to his 1986 estimated tax.

The district court, adopting the magistrate's recommendation, held that taxpayer's election to credit the overpayment to his 1986 estimated tax was irrevocable. Thus the district court denied taxpayer's claim for refund. Georges appeals, arguing that the law permits him to revoke this election by means of an amended return.[1] We affirm.

The plain meaning of the relevant statute supports the district court's holding that this election is irrevocable. 26 U.S.C. § 6513(d) provides:

---

1. Georges' other arguments on appeal are without merit and warrant no discussion.

**Overpayment of income tax credited to estimated tax.**—If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), and *no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.*

(Emphasis added). Applying the statute to the facts in this case, when Georges elected to have his overpayment of income tax for 1985 credited against his estimated tax for 1986, then such amount was considered to be a payment of the 1986 tax. More importantly, the statute expressly provides that "no claim for ... refund of such overpayment shall be allowed."

The relevant regulation is to the same effect. 26 C.F.R. § 301.6513–1(d) (1988) ("An election so to credit an overpayment of income tax precludes the allowance of the claim for credit or refund of such overpayment for the taxable year in which the overpayment arises."). Rev.Rul. 77–339, 1977–2 C.B. 475 is also to the same effect. There, taxpayer's 1976 return showed an overpayment of $3,000 and taxpayer elected to have the overpayment credited against estimated tax for 1977. Later, taxpayer filed an amended return for 1976 showing an increase of $300 in his tax liability and seeking to revoke the previous election to the extent of $300 in order to pay the additional $300 liability for 1976. It was held that once the elected amount is credited as a payment of estimated tax for the succeeding year, it loses its character as an overpayment for the year in which it arose and cannot be used to offset any subsequently determined increase in the tax for that year. *See also* Rev.Rul. 55–448, 1955–2 C.B. 595.

The case law also holds that the election is irrevocable. *Martin Marietta Corp. v. United States*, 572 F.2d 839, 842 (Ct.Cl. 1978); *Starr v. Comm'r*, 267 F.2d 148, 151 (7th Cir.1959). Georges has cited no contrary authority, and our independent research has uncovered none.

We conclude that the district court correctly held that Georges' election to credit his 1985 overpayment against his 1986 estimated tax cannot be revoked by his subsequent amendment of his 1985 return.

AFFIRMED.