In re James R. SIMMONS, Debtor.

Charles W. GRANT, Trustee, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Bankruptcy No. 88–595–BKC–3P7.
Adv. No. 89–36.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 25, 1991.

See also 113 B.R. 741.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Marika Lancaster, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint filed by Charles W. Grant, trustee for the estate of James R. Simmons, debtor, seeking to recover $7,799.02, overpaid by debtor to defendant, United States of America and its Internal Revenue Service. A trial was held on June 5, 1990, and October 23, 1990. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On March 18, 1988, debtor filed a 1987 Form 1040 income tax return reporting an overpayment of $7,799.02. On the return debtor elected to have the overpayment applied to his 1988 estimated tax pursuant to 26 U.S.C. §§ 6402(b) and 6513(d). Debtor did not make an election pursuant to 26 U.S.C. § 1398(d)(2)(A) to divide his 1988 taxable year into two taxable periods.

2. On March 24, 1988, James R. Simmons, filed a petition under Chapter 7 of the Bankruptcy Code.

3. On February 17, 1989, the trustee filed this adversary proceeding, submitting three theories upon which these funds should be returned to the estate: (i) turnover of the funds as property of the estate, pursuant to 11 U.S.C. § 542; (ii) avoidance of defendant's interest in the funds as a fraudulent transfer pursuant to 11 U.S.C. § 548; and (iii) avoidance of defendant's interest in the funds as a post-petition transfer pursuant to 11 U.S.C. § 549.

## CONCLUSIONS OF LAW

*Turnover of Property of the Estate*

■ 11 U.S.C. § 542 provides in relevant part:

[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

■ With the filing of a bankruptcy petition, all property of the debtor, wherever located, is required by §§ 541 and 542 to be delivered to the trustee. These sections, however, do not "expand the debtor's rights against others more than they exist[ed] at the commencement of the case"; they simply transfer to the trustee the debtor's interests in property as it existed at the time of the bankruptcy proceedings, and, if those interests were limited at that time, the trustee's rights to possession are similarly limited. 4 Collier on Bankruptcy, ¶ 541.01, pp. 541–5—541–7 (15th ed. 1979).

Prior to the filing of the petition, debtor elected, pursuant to 26 U.S.C. § 6513(d), to apply the overpayment to the succeeding taxable year. Section 6513(d) provides:

*Overpayment of Income Taxes Credited to Estimated Tax.*—If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding year), and no claim for refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

Thus, debtor's overpayment, at his election, became a payment of his 1988 estimated tax rather than an overpayment of his 1987 taxes. Once debtor made this election, as a matter of law, he no longer had an overpayment for which he could file a claim for refund. Consequently, the debtor's prepetition estimated tax payment cannot be considered a legal or equitable inter-

est of the debtor in property as of the commencement of the case, and such payment is not subject to turnover. *In re Weir III*, 90–1 U.S.T.C., ¶ 50,229, 1990 WL 63072 (Bankr.D.Kan.1990). See *Barry v. United States*, 52 A.F.T.R.2d 83–5414 (E.D. Okla.1983) (holding that a § 6513(d) election barred a claim for refund for the year in which the election was made, and prevented interest on the overpayment from accruing until April 15th following the succeeding year).

■ A trustee cannot, pursuant to 11 U.S.C. § 542, recover as property of the estate amounts withheld from a debtor's wages and deposited in accordance with section 3402 of the Internal Revenue Code. Nor could a trustee recover pre-petition estimated tax payments made by a debtor under section 6654 of the Internal Revenue Code. Thus, the analogy can be made here that plaintiff cannot recover an authorized pre-payment of taxes simply because it originated prepetition. The overpayment was properly transferred to the United States prior to the filing of the petition and is not property of the estate.

### Fraudulent Transfer

11 U.S.C. § 548(a) provides in relevant part:

The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

■ The evidence does not prove any actual intent on behalf of the debtor to hinder, delay, or defraud his creditors by his overpayment of his taxes. Thus, an action pursuant to 11 U.S.C. § 548(a)(1) fails as a matter of law.

■ The debtor received a reasonably equivalent value in exchange for his early payment of taxes, that is, a corresponding dollar-for-dollar reduction in his tax obligation. For these reasons plaintiff's action pursuant to 11 U.S.C. § 548(a)(2)(A) and (B)(i) fails as a matter of law.

### Post–Petition Transfer

■ 11 U.S.C. § 549 provides that "the trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case...." The subject transfer was made by the debtor prior to the filing of his petition. The debtor did not retain a legally cognizable property interest which could be considered property of the estate. Plaintiff has failed to carry his burden of proof to sustain a cause of action pursuant to 11 U.S.C. § 549.

### CONCLUSION

The Court shall separately enter a Final Judgment in favor of defendant, United States of America, and against plaintiff, Charles W. Grant, trustee.