**In re Steven R. BLOCK & Sharla Block, Debtors.**

**UNITED STATES of America (INTERNAL REVENUE SERVICE) and Steven R. Block & Sharla Block, Appellants,**

v.

**J. Gregg PRITCHARD, Trustee, Appellee.**

**Nos. Civ. A. 3–91–2706–H, Civ. A. 3–91–2752–H.**

United States District Court, N.D. Texas, Dallas Division.

May 4, 1992.

**610**

G. Michael Curran, Mark R. Shaw, Akin, Gump, Hauer & Feld, Dallas, Tex., for debtors, appellants.

Joseph J. Wielebinski, Stephen C. Stapleton, Jeff Whittle, Decker, Hardt, Kopf, Harr, Munsch & Dinan, Dallas, Tex., for appellee.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Northern District of Texas. Both the United States and the Debtors, Steven and Sharla Block, appeal an order from the Bankruptcy Court holding them jointly and severally liable to J. Gregg Pritchard, the trustee appointed in the Block's bankruptcy case ("Trustee"), for a tax refund the amount of $11,807.

### Background

On April 27, 1989, the Blocks filed their 1988 income tax return. The 1988 return contained an overpayment by the Blocks in the amount of $11,807.00. On May 10, 1989, the Blocks mailed their amended 1988 return wherein they elected to apply the 1988 overpayment to their estimated tax for the 1989 tax year. On May 12, 1989,

the Blocks filed their petition for relief under Chapter 7 of the Bankruptcy Code. On August 15, 1989, the Trustee demanded that the Internal Revenue Service ("IRS") turn over the 1988 overpayment as property of the bankruptcy estate. As a result of the Trustee's demand, the Internal Revenue Service, by its own admission, erroneously turned over the funds in dispute to the Blocks on or about February 5, 1990. The Blocks had not sought return of the overpayment. The Blocks assert that, upon receiving the funds, they applied the funds to their 1989 taxes, in accordance with their original intention.

The Trustee subsequently filed a Complaint to Compel Accounting and Turnover Property of the Estate against the United States and the Blocks, seeking return of the tax refund. After oral argument on cross-motions for summary judgment, the Bankruptcy Court entered judgment in favor of the Trustee.

### Discussion

■ The Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard while its legal conclusions are subject to de novo review. *In re Fussell,* 928 F.2d 712, 715 (5th Cir.1991). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thus, the Court applies the de novo standard of review to the Bankruptcy Court's grant of summary judgment.

Section 542(a) of the Bankruptcy Code provides that an entity in possession of property of the estate must deliver the property to the trustee. 11 U.S.C. § 542(a). The Bankruptcy Code defines property of the estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Trustee maintains that the tax refund is property of the estate and must, therefore, be turned over to the Trustee.

Sections 6402(b) and 6513(d) of 26 U.S.C. allow a taxpayer to credit all or part of any overpayments to the taxpayer's estimated

tax liability for the succeeding taxable year. Such election, however, is irrevocable and binding upon the taxpayer and the Internal Revenue Service. *Georges v. United States Internal Revenue Service,* 916 F.2d 1520 (11th Cir.1990); *Martin Marietta Corp. v. United States,* 572 F.2d 839, 841, 216 Ct.Cl. 47 (1978). The Blocks made their election prior to filing their petition in bankruptcy. Once they made the election, they no longer had an overpayment for which they could file a claim for refund; the overpayment became an advance payment of the Blocks' 1989 taxes. Consequently, their "prepetition estimated tax payment cannot be considered a legal or equitable interest of the debtor in property as of the commencement of this case, and such payment is not subject to turnover." *In re Simmons,* 124 B.R. 606 (Bankr. M.D.Fla.1991) (citing *In re Weir III,* 1990 WL 63072 (Bankr.D.Kan.1990)). Once the overpayment was properly transferred to the IRS pre-petition, it could not become property of the estate, and was not recoverable under Section 542 of the Bankruptcy Code.

The Trustee's principal contention is that a tax refund based on pre-petition earnings is property of the estate. The cases cited for this general proposition, however, do not encompass the case at hand. *See Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Those cases involved debtors who, at the time of the bankruptcy filing, had a right to payment of an income tax refund; in the present case, the debtors had no such right as they had made an irrevocable election to apply their refund to the ensuing year's estimated taxes.

The Trustee relies heavily on the case *In re Russell,* 927 F.2d 413 (8th Cir.1991). In that case, the debtor made both pre-petition and post-petition irrevocable elections to carry forward net operating losses from previous years. The bankruptcy trustee sought to avoid such elections pursuant to Sections 548 and 549 of the Bankruptcy Code. The Eighth Circuit held that the trustee could avoid the irrevocable elections pursuant to Sections 548 and 549, and

remanded the case to the bankruptcy court for a determination of whether the elements of those provisions were satisfied.

*In re Russell* would apply to the present case only if the Trustee had sought to establish that the Blocks' election constituted a fraudulent transfer under Section 548. Section 549, which prohibits unauthorized postpetition transfers, does not apply because the Blocks made their election prior to filing the bankruptcy petition. The Trustee has made no allegation that the election constituted a fraudulent transfer, and no evidence has been presented that the Blocks actually intended to "hinder, delay, or defraud" any creditors. 11 U.S.C. § 548.

The Trustee's final argument is that even if the refund was not property of the estate at the time the petition was filed, it became property of the estate when the IRS returned the funds to the Blocks. The Court disagrees. The fact that the IRS, prompted by the Trustee's demands, erroneously returned the funds to the Blocks does not affect the character of the election. The Blocks had no right to the funds and, by reapplying the funds to their 1989 taxes after the erroneous return of the funds, the Blocks merely returned to the United States its rightful property.

Because the $11,807 tax refund was not property of the estate under Section 541 when the bankruptcy petition was filed, the Trustee is not entitled to those funds. Accordingly, the decision of the Bankruptcy Court is REVERSED and the Blocks are granted judgment in their favor.

■ The Bankruptcy Court's decision with respect to the United States is also REVERSED due to intervening Supreme Court authority. In *United States v. Nordic Village, Inc.,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), the Supreme Court held that neither 11 U.S.C. § 106(c) nor any other provision of law waives the sovereign immunity of the United States from an action seeking monetary recovery in bankruptcy. The Bankruptcy Court, therefore, lacked jurisdiction to entertain the action against the United States. The

Trustee's action against the United States is dismissed.

SO ORDERED.