JOHN R. BOYER AND GWENETH A. BOYER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyer v. Commissioner
Docket No. 13474-91
United States Tax Court
T.C. Memo 1994-267; 1994 Tax Ct. Memo LEXIS 272; 67 T.C.M. (CCH) 3080; June 13, 1994, Filed *272 For petitioner: R. Bradley Oxford. For respondent: Derek B. Matta. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: On April 9, 1991, respondent mailed a notice of deficiency to petitioners in which respondent determined a deficiency of $ 57,490 in petitioners' 1987 joint Federal income tax. All section references are to the Internal Revenue Code in effect for the year in issue. The primary issues for decision relate to the proper calculation and accrual of statutory interest under section 6601 on taxes owed with respect to a lump-sum distribution from a qualified retirement plan and the proper treatment of a reported overpayment of estimated taxes on petitioners' 1987 Federal income tax return. Respondent contends that we have no subject matter jurisdiction over these issues. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time their petition was filed, petitioners resided in Port Aransas, Texas. On December 31, 1986, petitioner John R. Boyer (petitioner) retired from an affiliate of USX Corp. In February of 1987, petitioner received from USX Corp.'s qualified retirement plan a $ 272,400 lump-sum distribution. During *273 1987, petitioners made estimated tax payments to respondent in the total amount of $ 13,947 with respect to their 1987 Federal income tax liability. On their 1987 joint Federal income tax return, petitioners, in effect, reported the $ 272,400 lump-sum distribution from USX Corp. as a tax-free rollover, and they reported a zero tax liability. Petitioners elected to apply the $ 13,947 reported overpayment of 1987 estimated taxes to their Federal income tax liability for 1988. Petitioners were eligible to elect to use the 10-year averaging method to calculate and report the total income tax due, if any, on the lump-sum distribution petitioner received in 1987. Petitioners, however, did not file with their 1987 return an election on Form 4972 (Tax on Lump-Sum Distributions) that is required in order to elect 10-year averaging. In accordance with the instructions relating to Form 4972, however, petitioners had 3 years from the April 15, 1988, due date of their 1987 return (i.e., until April 15, 1991) to file an amended return, to file the Form 4972, and to elect 10-year averaging. On their 1988 and 1989 joint Federal income tax returns, petitioners reported a zero tax liability, *274 and petitioners again elected to credit the $ 13,947 reported overpayment of 1987 estimated taxes (that had been credited to their 1988 tax liability) to their tax liabilities for 1989 and 1990, respectively. On their 1990 joint Federal income tax return, petitioners reported a zero tax liability, and petitioners requested a refund of the $ 13,947 in reported overpaid taxes that had been carried forward from 1987 and credited to petitioners' 1988, 1989, and 1990 tax liabilities. On April 19, 1991, as a result of the refund requested on their 1990 return, petitioners received from respondent a refund of the $ 13,947 they had paid in 1987 as estimated taxes and that had been credited to petitioners' 1988, 1989, and 1990 tax liabilities. On audit of petitioners' 1987 Federal income tax return and because petitioners had not yet made the required election, respondent initially determined that petitioners were liable for income tax on the lump-sum distribution they received in 1987 without the benefit of 10-year averaging. After receiving a letter from petitioners on or about September 12, 1990, however, in which letter petitioners indicated their desire to use 10-year averaging, respondent *275 filed a Form 4972 on petitioners' behalf, and respondent calculated petitioners' 1987 tax deficiency of $ 57,490 using 10-year averaging for the $ 272,400 lump-sum distribution. Respondent calculated the statutory interest due on the full $ 57,490 tax deficiency for 1987 from April 15, 1988 (the due date of petitioners' 1987 Federal income tax return). On October 25, 1990, petitioners paid $ 38,555 of the $ 57,490 tax deficiency for 1987, leaving an outstanding balance of $ 18,935. In so far as is pertinent here, respondent now seeks to calculate the accrual of statutory interest as follows: (1) From April 15, 1988, until October 25, 1990 -- interest would accrue on the entire $ 57,490 tax deficiency; and (2) from October 25, 1990, until paid -- interest would accrue on the $ 18,935 balance of the tax deficiency remaining unpaid after the $ 38,555 was paid by petitioners on October 25, 1990. OPINION Under section 6214, this Court has jurisdiction to redetermine the correct amount of tax deficiencies that are contested in timely petitions filed by taxpayers. Sec. 6214(a); see also sec. 6213. Generally, this Court has no jurisdiction over issues involving interest, even when *276 they are associated with a deficiency determination over which this Court does have jurisdiction. See, e.g., Commissioner v. Kilpatrick's Estate, 140 F.2d 887, 888-889 (6th Cir. 1944), affg. a Memorandum Opinion of this Court; 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354 (1987); Benson v. Commissioner, T.C. Memo. 1985-615. There are limited exceptions to our lack of jurisdiction over issues involving interest. For example, we have jurisdiction over interest relating to a jeopardy assessment, Papa v. Commissioner, 55 T.C. 1140, 1143 (1971); over interest relating to transferee liability, Lowy v. Commissioner, 35 T.C. 393 (1960); over interest relating to an overpayment, Estate of Baumgardner v. Commissioner, 85 T.C. 445, 458-459 (1985); and over interest relating to a tax deficiency where the taxpayer first pays both the entire tax deficiency and the interest calculated by respondent thereon. Sec. 7481(c); Bax v. Commissioner, 13 F.3d 54, 56-57 (2d Cir. 1993). *277 We do not, however, have jurisdiction over interest relating to a tax deficiency not yet assessed and paid, nor do we have jurisdiction under section 6404(e) over the abatement of interest, even where an allegation is made that respondent unreasonably delayed the proceedings. 508 Clinton Street Corp. v. Commissioner, supra at 353-354. It has been held that abatement of interest under section 6404(e)(1) is a discretionary form of relief within the "sole authority" of respondent and is beyond the scope of judicial review. Bax v. Commissioner, supra at 57-58; see also Selman v. United States, 941 F.2d 1060, 1064 (10th Cir. 1991) ("the language, structure and legislative history of I.R.C. sec. 6404(e)(1) indicate that Congress meant to commit the abatement of interest to * * * [respondent's] discretion" which "precludes judicial review"); Horton Homes, Inc. v. United States, 936 F.2d 548, 551-552 (11th Cir. 1991). Under section 301.6402-3(a)(6), Proced. & Admin. Regs., respondent is permitted to offset overpayments of tax against any outstanding tax *278 liability owed by taxpayers. Once taxpayers, however, make an election to have an overpayment for a year credited against the succeeding year's tax liability, the payment loses its character as an overpayment for the year in which it arose. Sec. 301.6513-1(d), Proced. & Admin. Regs.; Rev. Rul. 77-339, 1977-2 C.B. 475; see also Georges v. United States, 916 F.2d 1520, 1520-1521 (11th Cir. 1990). Petitioners initially argue that no interest should accrue on any portion of the $ 57,490 agreed tax deficiency associated with their receipt of the $ 272,400 lump-sum distribution from USX Corp. Petitioners argue that since they had 3 years to elect 10-year averaging of the Federal income tax due on the lump-sum distribution and that as long as they made the election within the 3-year period, there should be no accrual of interest on the tax eventually determined to be due. Petitioners also argue that no interest should accrue on the 1987 agreed tax deficiency because, in the process of preparing and filing their 1987 tax return and making the election to have the $ 13,947 in estimated tax payments they had made for *279 1987 credited to their Federal income tax liability for 1988, 1989, and 1990, one of respondent's agents allegedly told petitioners that they had 3 years to elect 10-year averaging and 3 years to pay the tax due on the lump-sum distribution without the accrual of interest. Petitioners argue further that, at the least, interest should not accrue on $ 13,947 of the agreed $ 57,490 tax deficiency because petitioners, in 1987, made the $ 13,947 in estimated tax payments toward their 1987 tax liability and that, even though petitioners elected to have the $ 13,947 credited to their 1988, 1989, and 1990 tax liabilities, the $ 13,947 in estimated taxes that were paid in 1987 should now be treated as payments of 1987 taxes due. Respondent contends that, with limited exceptions not here applicable, this Court does not have jurisdiction over disputes concerning the computation and accrual of statutory interest. Respondent also contends that petitioners' election to credit the 1987 $ 13,947 overpayment of tax to their 1988, 1989, and 1990 tax liabilities is irrevocable, and therefore, that statutory interest accruing from April 15, 1988, is owed by petitioners on the entire $ 57,490 tax deficiency *280 for 1987 (with appropriate credit for the $ 38,555 payment that petitioners made on October 25, 1990). The interest involved herein has not been assessed by respondent, nor has it been paid by petitioners. We, therefore, do not have jurisdiction over the computation and accrual of statutory interest in this case. See sec. 7481(c); Bax v. Commissioner, supra at 56-57; 508 Clinton Street Corp. v. Commissioner, supra at 353-354. Further, we do not have jurisdiction to consider the failure of respondent to now credit the $ 13,947 in overpaid estimated taxes for 1987 (which petitioners elected to have credited against their 1988, 1989, and 1990 tax liabilities) against petitioners' income tax liability for 1987. See Benson v. Commissioner, T.C. Memo. 1985-615. An appropriate order and decision will be entered.