**In the Matter of R. Ray ORRILL, Jr., Debtor.**

**Cynthia L. TRAINA, Trustee, Plaintiff,**

v.

**R. Ray ORRILL, Jr. and the United States of America, though its agency, the Internal Revenue Service, Defendants.**

**Bankruptcy No. 94–13515.
Adversary No. 96–1188.**

United States Bankruptcy Court,
E.D. Louisiana.

Aug. 20, 1997.

**564**

Fred Clegg Strong, New Orleans, LA, for Debtor.

Cynthia Lee Traina, Metairie, LA, trustee.

## MEMORANDUM OPINION

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on a Complaint for Avoidance and for Turnover of Property filed by the Trustee, Cynthia Traina. A Counterclaim was filed by the Debtor, R. Ray Orrill. At a pretrial conference in chambers, the parties and the Court agreed to submit the matter on stipulations and briefs. Upon consideration of the stipulations of fact, the briefs submitted, the record in the case and the applicable law, the Court enters the following Memorandum Opinion.[1]

On October 17, 1994, the Debtor filed with the Internal Revenue Service ("IRS") his federal income tax return for the 1993 tax year. According to his 1993 return, he was entitled to a refund of $14,121.00 due to an overpayment of his income taxes for 1993. The Debtor, however, retained only $3,112.00 of this refund, electing, pursuant to 26 U.S.C. § 6513(d), to have the balance of $9,993.00 applied to his anticipated 1994 income tax liability. The Debtor did not make an election pursuant to 26 U.S.C. § 1398(d)(2)(A) to divide his 1994 taxable year into two taxable periods. On October 18, 1994, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor did not make any of the installment payments on his 1994 tax liability that he should have made on April 15, June 15 and October 15 of 1994 and January 15, 1995, in order to avoid penalties on his 1994 tax liability. The Debtor's 1994 income tax liability, as shown on his

1994 return, was $33,179.00 and he ultimately overpaid his 1994 taxes in the amount of $1,795.00. A check in that amount was sent by the IRS to the Trustee. The IRS also sent the Trustee a check in the amount of $985.19 which represents an erroneous refund of a payment by the Debtor of an audit deficiency on his 1993 income taxes.

The Trustee's Complaint seeks turnover of the $9,993.00 overpayment the Debtor elected to apply to his 1994 taxes and the $1,795.00 that was the Debtor's actual refund on his 1994 taxes. According to the Complaint, the turnover of these funds is sought under three theories: (1) that the funds are property of the estate under 11 U.S.C. § 542; (2) that the debtor's election to have the 1993 overpayment applied to 1994 liability was a preferential transfer that can be avoided under 11 U.S.C. § 547; and (3) that the election was a fraudulent conveyance that can be avoided under 11 U.S.C. § 548. The Debtor counterclaimed that the Trustee's receipt of the checks from the IRS in the amounts of $985.19 and $1,795.00 was erroneous and that the checks should be returned to the IRS.

▆ The Court will first address the Trustee's claims under §§ 547 and 548. It appears that the Trustee may have abandoned her claim under § 548 for fraudulent conveyance because that claim is not really addressed in the Trustee's memorandum in support of her position. This notwithstanding, the § 548 claim cannot be sustained. Two essential requirements of § 548 are that the debtor either made the transfer in question with intent to hinder, delay or defraud a creditor or the debtor received less than reasonably equivalent value for the transfer. Neither of these elements have been either stipulated to or proven by the Trustee. Indeed, it is unlikely the Debtor *would* stipulate to such intent. Also, it is unlikely that it could be proven that the Debtor received anything but reasonably equivalent value for his election to apply the 1993 overpayment to 1994 taxes.[2] The Trustee's claim under § 548 must fail.

---

1. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 7052.

2. *In re Simmons*, 124 B.R. 606, 608 (Bankr. M.D.Fla.1991), the court held that a debtor who elected to apply an overpayment in one tax year to his estimated taxes for the next tax year had

To sustain her claim under § 547, the Trustee must prove that the transfer in question, the election, was: (1) for the benefit of the IRS; (2) for an antecedent debt owed before the date of the election; (3) made while the Debtor was insolvent; (4) made within 90 days of the date of the bankruptcy filing; (5) such that it enabled the IRS to receive more than it would have received under Chapter 7 if the election had not been made. All of these requirements must be met. While some of the requirements may have been met, the Trustee cannot prove the second requirement. The vast majority of courts to consider the issue have held that a federal income tax obligation does not arise until the end of the taxable year. *See, e.g., In re Glenn,* 207 B.R. 418 (E.D.Pa. 1997); *In re Franklin Savings Corp.,* 177 B.R. 356 (Bankr.D.Kan.1995); *In re Kalenze,* 175 B.R. 35 (Bankr.D.N.D.1994). Thus, the Debtor's 1994 tax obligation did not arise until December 31, 1994, after the Debtor made the election on October 17, 1994. Thus, the election which was applied to the Debtor's 1994 tax liability was not a transfer on an antecedent debt to the IRS. The Trustee's claim under § 547 must also fail.

The Court now turns to the Trustee's § 542 claim. Section 542 provides that any entity with possession of property of the debtor's estate is to turn over that property to the trustee. The Trustee here asserts that the $9,993.00 that was applied to the Debtor's 1994 tax liability was part of the 1993 overpayment of taxes by the Debtor and is, therefore, a refund which is property of the estate. The Trustee relies heavily on *In re Canon,* 130 B.R. 748 (Bankr.N.D.Tex. 1991) to support her position. However, the Court finds that this reliance is misplaced. It is true that the United States Supreme Court has held that loss carryback refunds, as well as refunds attributable to earnings withholdings, can be property of a debtor's estate if the debtor had a right to the payment of the refund pre-petition. *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The Trustee asserts that the Debtor's right to a refund of the overpayment of his 1993 taxes arose before he filed and that his election to apply this overpayment to his 1994 taxes did not change this right. At first blush the *Canon* case would appear to support this position. However, when carefully reviewed, the facts of *Canon* are not the same as those of this case.

In *Canon,* the debtor had an overpayment of his 1987 income taxes in the amount of $14,900.00. He elected to apply this overpayment to his 1988 tax liability. Then he filed for Chapter 7 relief. The trustee sought return of the overpayment as a refund. The IRS responded that the debtor's 1987 return was being audited and that any refund due would be sent to the trustee. Meanwhile, the debtor filed his 1988 income tax return, which reflected that there was an overpayment of the 1988 liability in the exact amount of the 1987 overpayment which had been applied to the 1988 taxes, $14,900.00. The IRS refunded this amount to the debtor. The trustee then sought turnover of this refund. The court in *Canon* found that these funds had truly been a refund to the debtor, as they had not been needed to pay his 1988 tax liability, and they had, in essence, been in savings for a year. Since the refund related to a pre-petition period, the court found that it was property of the estate and had to be turned over to the trustee.

The facts of this case are different and are actually more similar to those of two other cases, cited by the IRS. One case, *In re Simmons,* 124 B.R. 606 (Bankr.M.D.Fla. 1991) predates *Canon* and, indeed, was discussed therein. The debtor in *Simmons* had an overpayment of $7,799.02 on his 1987 income tax return, which he elected to have applied to his estimated 1988 tax liability. Apparently, that debtor needed the overpayment to satisfy his 1988 tax debt because no refund based upon the 1988 return was noted by the court. Section 6513(d) of the Internal Revenue Code was cited by the court. It states that

received reasonably equivalent value, that is a "corresponding dollar-for-dollar reduction in his

tax obligation", for purposes of § 548.

[i]f any overpayment of income tax is … claimed as credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding

taxable year … and no claim for refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

Accordingly, the court in *Simmons* found that, upon the election under § 6513(d), the debtor's 1987 overpayment became a payment on his 1988 taxes and "once the debtor made this election, as a matter of law, he no longer had an overpayment for which he could file a claim for refund. Consequently, the debtor's prepetition estimated tax payment cannot be considered a[n] … interest of the debtor in property … and is not subject to turnover." *Simmons*, 124 B.R. at 607–08.

■ The court in *Canon* specifically distinguished the facts of *Simmons* when it noted that the debtor in that case had needed the overpayment for the next tax year's liability, whereas the debtor in *Canon* did not and ultimately received a refund of the overpayment amount. In another case, *In re Block*, 141 B.R. 609 (N.D.Tex.1992), the facts were similar to those in *Simmons* in that the debtors elected to apply an overpayment to the succeeding tax year, which overpayment was apparently necessary to pay the succeeding year's taxes. In *Block*, the court held that the § 6513(d) was irrevocable and binding and, once made, turned the overpayment for which a refund could be filed into a payment on the next year's estimated taxes. *Block*, 141 B.R. at 611, citing *Georges v. United States Internal Revenue Service*, 916 F.2d 1520 (11th Cir.1990) and *Simmons*, 124 B.R. at 606.

This case is factually similar to *Simmons* and *Block*. It is also similar to *Canon* in part. Here, the Debtor overpaid his 1993 taxes by $14,121.00 and made a pre-petition election, pursuant to § 6513(d), to have $9,993.00 of that overpayment applied to his estimated 1994 taxes. Ultimately, the Debtor overpaid his 1994 taxes by $1,795.00. At the time of the election in 1994, the Debtor's overpayment on which he had a right to claim a refund, became a payment on 1994 taxes. It was, as a matter of law, not a refund which could be considered property of the estate. However, the $1,795.00 refund following the 1994 tax year, insofar as it is attributable to the pre-petition period, is properly considered property of the estate. Therefore, the Trustee is not entitled to turnover of the $9,993.00 that was applied to the 1994 tax debt, but she is entitled to a portion of the $1,795.00 refund amount. Her portion is the proportion of the refund attributable to the number of days in the year before the petition date, while the Debtor would be entitled to the portion of the refund attributable to the number of days in the year after the petition date. *In re Barowsky*, 946 F.2d 1516 (10th Cir.1991). Hence, since the petition was filed on October 18, 1994, the Trustee is entitled to 290/365ths of the refund amount and the Debtor is entitled to 75/365ths of that amount. Those calculations result in the sum of $1,426.80 going to the Trustee and $368.20 going to the Debtor.

The Debtor's Counterclaim seeks to have the two checks supposedly erroneously sent to the Trustee by the IRS returned to the IRS. As the Court has found, the Trustee is not entitled to the entire $1,795.00 check, but neither is the IRS. The amount of that check should be split between the Trustee and the Debtor as indicated above. The Trustee has shown no proof nor made any argument why she is entitled to keep the $985.19 sent by the IRS apparently as an erroneous refund in connection with the Debtor's 1993 taxes. That check will be ordered returned to the IRS.

In summary, on the Trustee's Complaint for Avoidance and for Turnover of Property, the Court will dismiss the claims under 11 U.S.C. §§ 547 and 548 and grant judgment in favor of the Trustee on the § 542 claim in the amount of $1,426.80. The Court grants judgment in favor of the Debtor in the amount of $368.20 on the § 542 claim. On the Debtor's Counterclaim, the Court grants judgment in favor of the IRS in the amount of $985.19.