[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11647
Non-Argument Calendar
_____

Agency No. 028217-14 L


NEIL S. SCHUSTER,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.


_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(April 4, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

The Internal Revenue Service mistakenly applied an extra payment to Neil

Schuster's 2004 federal income tax account. That payment was later credited toward his 2005 and 2006 estimated income tax liability. When the IRS corrected the mistake, it realized that Schuster had not paid all of his 2006 taxes. It informed Schuster of the deficiency and issued notice of its intent to levy for the balance. Schuster challenged that determination, and the tax court granted summary judgment in favor of the Commissioner. Schuster contends that the credit was actually an erroneous refund and recovery is barred by a two year statute of limitations.[1]

## I.

Although this case is about Schuster's 2006 federal income tax liability, it begins with a clerical error by the IRS in 2005. That year Schuster sent $80,000 to the IRS on behalf of his mother for her 2004 tax liability, but instead of applying the $80,000 to her account, the IRS mistakenly applied it to his. Schuster had overpaid his own 2004 taxes by $78,553, so the additional $80,000 increased his overpayment to $158,553. Instead of receiving that overpayment as a refund, Schuster chose to apply it to his 2005 estimated tax liability.

In the calculation of his 2005 taxes, after being credited for the $158,553 overpayment from the year before, his account showed a balance due him of

---

[1] Schuster also contends that there is a genuine issue of material fact about whether he was prejudiced by the IRS's delayed collection action. Because Schuster did not raise that argument before the district court, we do not address it. Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal.") (quotation marks omitted).

$97,055. Schuster again chose to apply the overpayment as a credit toward his 2006 estimated tax liability.

For 2006 Schuster owed $317,265 in federal income tax. After he paid $253,165 of that amount and was credited for the $97,055 overpayment from the year before, his account showed a balance due him of $32,955.

In 2011 the IRS realized its 2005 mistake and reversed the $80,000 credit. That reversal altered Schuster's account balance for each tax year from 2004 to 2008, and it resulted in him owing $47,045 for 2006. After applying a valid credit of $15,694, Schuster's remaining tax liability for 2006 came to $31,351 plus additions and interest as provided by law.

In 2014 the IRS sent Schuster a final notice of intent to levy for that amount and informed him of his right to a Collection Due Process Hearing with the IRS Office of Appeals. After Schuster's hearing the Office of Appeals issued a notice of determination sustaining the notice of intent to levy. Schuster challenged that determination, but the tax court granted the Commissioner's motion for summary judgment. This is Schuster's appeal.

## II.

We review de novo the tax court's grant of summary judgment, Baptiste v. Comm'r, 29 F.3d 1533, 1537 (11th Cir. 1994), and its interpretation of the tax code, Estate of Jelke v. Comm'r, 507 F.3d 1317, 1321 (11th Cir. 2007).

Schuster argues that the $80,000 credit to his 2006 account is in the nature of an "erroneous refund," and that the Commissioner is barred by the two year statute of limitations for recovering refunds. See 26 U.S.C. §§ 7405(d), 6532(b). The Commissioner responds that this case is governed by the ten year statute of limitations for collecting unpaid taxes. Id. § 6502(a)(1). We agree with the Commissioner.

When a taxpayer overpays his federal income tax, he must choose to either receive the balance as a refund or apply it as a credit toward the next year's estimated tax liability. Id. § 6403 ("[T]he overpayment shall be credited or refunded as provided in section 6402."). If he chooses to receive the amount as a refund, the IRS gives him the balance. Id. § 6402(a). But if he chooses to apply the overpayment as a credit, it is considered a payment toward the next year's taxes. Id. § 6513(d); 26 C.F.R. § 301.6402–3(a)(5); George v. Comm'r, 916 F.2d 1520, 1521 (11th Cir. 1990) (explaining that once an overpayment is "credited as a payment of estimated tax for the succeeding year, it loses its character as an overpayment for the year in which it arose").

Although both refunds and credits derive from overpayments, the use of "or" throughout the statute shows that a credit is not a refund. See, e.g., 26 U.S.C. §§ 6403 ("credited or refunded"), 6407 ("refund or credit"), 6513(d) ("credit or refund"); see also Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th

Cir. 1997) ("As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately.") (quotation marks omitted).  And it is clear that the two year limitations provision, which mentions only "erroneous refunds," does not also cover actions involving erroneous credits.  See Pollitzer v. Gebhardt, 860 F.3d 1334, 1340 (11th Cir. 2017) (explaining that when "Congress includes particular language in one section of a statute but omits it in another section of the same act, it is presumed that Congress did so intentionally").

Because the $80,000 credit is not a refund, the two year statute of limitations does not apply.  Schuster has not challenged the collection action on any other basis, so the tax court did not err by granting summary judgment in favor of the Commissioner.

**AFFIRMED.**