FILED
United States Court of Appeals
Tenth Circuit

**June 29, 2010**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:

JAMES WINSLOW GRAVES,
d/b/a Custom Woods Construction,
LLC, and KATHRYN PATRICIA
GRAVES,

  Debtors.

No. 08-1462

---

JEFFREY A. WEINMAN, Trustee,

  Appellant,

v.

JAMES WINSLOW GRAVES;
KATHRYN PATRICIA GRAVES,

  Appellees.

---

**APPEAL FROM THE TENTH CIRCUIT BANKRUPTCY APPELLATE
PANEL
(BAP No. 08-038-CO)**

---

Submitted on the briefs:[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Jeffrey A. Weinman, Appellant, pro se.

---

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

**HOLLOWAY**, Circuit Judge.

---

The issue in this case is narrow: is debtors' interest in a 2006 tax refund, irrevocably applied pre-petition to 2007 taxes, subject to turnover under 11 U.S.C. § 542(a)? The Bankruptcy Appellate Panel (BAP) for this Circuit answered in the negative. We hold that only the amount of any subsequent refund of 2007 taxes attributable to pre-petition earnings is subject to turnover, and we affirm with modification.

In July 2007, prior to becoming Chapter 7 debtors, James and Kathryn Graves filed their 2006 tax return. Pursuant to that return, the Graveses were entitled to a $3000.00 tax refund. Instead of choosing to receive a current refund of that money from the IRS, the Graveses elected to leave those funds on deposit with the United States and apply the overpayment to their future tax liability. This election is irrevocable. Where an overpayment of tax is applied as a credit on the next year's taxes, "no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises."

26 U.S.C. § 6513(d). Two months after filing their tax return, the Graveses filed for bankruptcy protection.

Jeffrey A. Weinman, appellant and trustee of the bankruptcy estate ("trustee"), filed a motion for turnover of debtors' 2006 tax refund under 11 U.S.C. § 542(a). 11 U.S.C. § 542(a) provides in relevant part that:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

In his motion, the trustee argued that the refund amount was property of the estate under 11 U.S.C. § 541(a)(1), and that, since debtors were receiving the benefit of the application of the refund, the funds should be treated as an account receivable of the debtors, and debtors should therefore be required to turn over an equivalent amount to the estate. The bankruptcy court denied the trustee's motion, and the BAP affirmed. *Weinman v. Graves (In re Graves)*, 396 B.R. 70 (B.A.P. 10th Cir. 2008). The trustee filed a timely notice of appeal, triggering our jurisdiction over the appeal under 28 U.S.C. § 158(d)(1).

In agreeing with the bankruptcy court that debtors could not be ordered to turn over that which they did not have, i.e., "the amount they could have received from the IRS in 2007, but did not," *In re Graves*, 396 B.R. at 73, the BAP

-3-

assumed, without deciding, that debtors' "pre-payment constitutes estate property as a contingent reversionary interest." *Id.* at 75. The BAP further concluded, however, that the Bankruptcy Code's turnover provision, 11 U.S.C. § 542, does not empower a trustee to demand turnover from a debtor under these circumstances. *Id.* In doing so the BAP noted that, because of 26 U.S.C. § 6513(d), debtors "had no current right to possession of the pre-paid taxes" at the time they filed their petition or at the time the trustee filed the turnover action. *Id.* Since the debtors' interest in the overpayment was limited at the time of the petition, the trustee's right to possession was similarly limited. *Id.* The BAP concluded that "[a] contingent right to a refund in the event that the Debtors overpaid their 2007 taxes is not something, in our opinion, that is subject to turnover." *Id.*

"We review the BAP's decision *de novo* because [t]here are no factual disputes and the issues on appeal pertain to the proper application of bankruptcy statutes and interpretation of case law. . . . In this review, we independently review the Bankruptcy Court's decision." *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1198 (10th Cir. 2003) (quotation and citations omitted).

The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The statute is deliberately broad in scope. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983). Estate property does not have to be "immediately

-4-

capable of being liquidated into cash in order to constitute property of the estate," and includes debtor's interests which "cannot be liquidated and transferred by the debtor." *Nichols v. Birdsell*, 491 F.3d 987, 990 (9th Cir. 2007).

> One of the central precepts of bankruptcy law is that
>
> a bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition. Filing a bankruptcy petition does not expand or change a debtor's interest in an asset; it merely changes the party who holds that interest. Further, a trustee takes the property subject to the same restrictions that existed at the commencement of the case. To the extent an interest is limited in the hands of a debtor, it is equally limited as property of the estate.

*In re Sanders*, 969 F.2d 591, 593 (7th Cir. 1992) (citations and quotations omitted); *see also Collier on Bankruptcy* ¶ 541.01 at 541-8.3 (15th ed. rev. 2009) ("Subdivision (d) of [§ 541] makes clear that the estate can only succeed to the same property interest that the debtor possesses, and cannot achieve a greater interest.").

Applying this principle, it is clear that the trustee's interest in the application of the tax refund must be limited to the same extent as the debtors' interest — here by the strictures of 26 U.S.C. § 6513(d), which makes debtors' refund-application election irrevocable. Debtors will have no right to any cash from the $3000 refund applied as a prepayment of their 2007 taxes until after their 2007 tax liability is determined, and then only if they are entitled to a further refund. The portion of that further refund attributable to pre-petition

earnings would become property of the estate.  Thus, we hold that the estate's interest in the pre-payment is limited to debtors' contingent reversionary interest in the pre-payment attributable to pre-petition earnings.  *See In re Middendorf*, 381 B.R. 774, 778-80 (Bankr. D. Kan. 2008) ("The debtors' interest in a pre-petition tax overpayment is a contingent reversionary interest pending the final determination of the debtors' tax liability.  Once the ultimate tax liability is assessed and satisfied, the debtors' interest vests in the resulting refund attributable to pre-petition funds."); *cf. Redmond v. Lentz & Clark, P.A. (In re Wagers)*, 514 F.3d 1021, 1029 (10th Cir. 2007) (recognizing that "even a contingent, reversionary interest is included in a debtor's estate under § 541").[1]

Turning to whether turnover is appropriate under these circumstances, we first consider the statutory language which requires that the turnover target, here debtors, be "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under [11 U.S.C. §] 363."  11 U.S.C. § 542(a).  We agree with the BAP that, after filing their Chapter 7 petition and at least

---

[1]     We acknowledge a line of authority holding that an applied tax refund is not estate property.  *See United States v. Pritchard (In re Block)*, 141 B.R. 609, 611 (N.D. Tex. 1992) (holding that monies were not property of the estate once the irrevocable election had been made and thus were not subject to turnover); *Grant v. United States (In re Simmons)*, 124 B.R. 606, 607-08 (Bankr. M.D. Fla. 1991) (same).  Given that some part of an applied refund may be available after the ultimate tax liability is determined and that part of that amount may be attributable to pre-petition earnings, we think a more comprehensive result is as expressed herein.

through the culmination of the turnover proceeding, debtors were never in "possession, custody, or control" of their contingent reversionary interest in the prepayment of their 2007 taxes. *See Maggio v. Zeitz (In re Luma Camera Serv., Inc.)*, 333 U.S. 56, 64 (1948) (holding that "the primary condition of [turnover] relief is possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so").[2]  This fact alone dooms the trustee's efforts.[3]

Resort to § 542 cannot be used to broaden the trustee's interest in the refund, the pre-payment of 2007 taxes or in any other estate property.  *United*

---

[2]  Debtors presumably controlled the refund before they made their election to apply it to future taxes, but that control was pre-petition and thus not "during the case" as required by § 542(a).

[3]  The fact that debtors had never been in possession of the refund or the prepayment during the case makes it unnecessary for us to engage in the debate about whether § 542(a) requires them to turn over the "value" of the refund, given the statutory language requiring a turnover target to deliver to the trustee "property or the value of such property."  The cases relying on the "value of such property" language involve turnover targets who, at least some time during the case, possessed the debtor's funds. *See, e.g., Beaman v. Vandeventer Black, LLP (In re Shearin)*, 224 F.3d 353, 356 (4th Cir. 2000) (law firm, having possessed year-end profits of debtor/partner during the case, forced to turnover equivalent amount to trustee despite no longer having possession of the funds at the time of the turnover proceeding); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Prods., Inc.)*, 100 F.3d 53, 55-56 (7th Cir. 1996) (same, with law firm that possessed funds of debtor which it erroneously returned to debtor's president and noting that § 542 requires delivery of property or the value of the property); *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 493 (B.A.P. 6th Cir. 2008)(requiring debtors to turn funds over to the trustee equal to the amount of the tax refund they obtained post-petition and transferred to their attorney).

*States v. Neary (In re Armstrong)*, 206 F.3d 465, 472 (5th Cir. 2000); *French v.*

*Johnson (In re Coomer)*, 375 B.R. 800, 806 (Bankr. N.D. Ohio 2007). In *In re*

*Armstrong*, the Fifth Circuit held that § 542(a) cannot be used to avoid the statute

of limitations inherent in 26 U.S.C. § 6511, the general tax-refund statute. The

Fifth Circuit noted that "[b]ecause that right [to a refund] is created and

circumscribed by § 6511 and nothing explicitly changes its terms, § 542(a) cannot

be read to expand the right to file for a refund to give the trustee unlimited time

so long as the bankruptcy continues," *id.* at 472. Further, "[b]ecause the debtor

does not have a continuing interest in the tax overpayment under § 541(a)(1),

other than that created by § 6511, *the trustee cannot use § 542(a) to create*

*interests not otherwise in existence.*" *Id.* at n.6 (emphasis added).

Similarly, in *French v. Johnson*, the trustee attempted to secure turnover of

the debtor's interest in a residential security deposit. In rejecting the trustee's

contention that § 542(a) gave him a substantive right to the deposit, the court

stated:

> Section 542(a) is best viewed as an enabling provision, allowing the
> trustee to obtain possession of property only where the debtor
> otherwise had a *right to possess* the property. But where a debtor,
> and thus the trustee, does not have a right *to possess or use* property
> at the commencement of the case, the right generally cannot be
> acquired through a turnover action under § 542(a). That is, a
> bankruptcy trustee may not compel the turnover of property pursuant
> to § 542(a) if the debtor had no right to obtain the property.

*Id.* (citation omitted). Because, at no time during the case up to the filing of the

turnover action, did debtors have the right to obtain their refund or prepayment from the IRS, the trustee could not compel turnover of that amount, and the bankruptcy court correctly denied the turnover motion.

Things may be different now, however, because it is likely that debtors' 2007 tax liability has been determined. If debtors were entitled to a refund after their 2007 tax liability was satisfied, the trustee is entitled to demand turnover of any amount of such refund attributable to pre-petition earnings. *See In re Middendorf*, 381 B.R. at 778-80; *Traina v. Orrill (In re Orrill)*, 226 B.R. 563 (Bankr. E.D. La. 1997).

In addition to the statutory basis underpinning our conclusion, we are also of the opinion that, from policy and practicality standpoints, this is the proper solution. A turnover order issued at the time the trustee requested it here would have required debtors to expend post-petition earnings or exempt assets in order to comply with the order. *See In re Blagg*, 372 B.R. 502, 510 (Bankr. D. Kan. 2007). Such an outcome would have contravened the spirit of the bankruptcy laws which aim to create a fresh start for Chapter 7 debtors. *Id.* Further, from a practical standpoint, we agree with the bankruptcy judge who determined that a turnover order under these circumstances would simply result in a contempt procedure where the defense would most likely be impossibility, all resulting in a waste of the court's time. Aplt. App. at 40.

We are aware that, to a large extent, this holding conflicts with the Ninth Circuit's decision in *Nichols*, 491 F.3d 987. There, in a case factually indistinguishable from this one, the Ninth Circuit held that the entire refund amount was property of the estate and implicitly subject to turnover from the debtors. In doing so, however, the court focused entirely on whether the refund was property of the estate and neither discussed turnover nor analyzed the case in light of the language of § 542(a). It is therefore unclear how the Ninth Circuit would apply the statutory requirements for turnover, which clearly require possession during the case, to the present situation.

We find some appeal in the reasoning of the Ninth Circuit that, by electing to have their 2006 refund applied to 2007 taxes, the debtors in *Nichols*, like debtors here, received something of value, i.e, a dollar-for-dollar reduction on their 2007 taxes, money that could have been available to the bankruptcy estate had the election not been made. The fact that all or part of a tax prepayment can be estate property, however, does not determine the extent of the property interest in the hands of the trustee nor, as discussed above, does it determine whether that interest is subject to turnover.

In summary, we hold that the pre-petition portion of the refund is property of the estate. We go further, however, to hold that only the part of the refund that (1) is attributable to pre-petition earnings and (2) reverted to debtors after

application of the refund to their ultimate (2007) tax liability, is subject to turnover.

With the modifications discussed above, the judgment of the Bankruptcy Appellate Panel is AFFIRMED.